IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

*IN RE*

| | |
|---|---|
| *Jesse Charles Lay* <br> *SSN XXX-XX-2665* <br> *Mailing Address: 500 Guy Walker Way,* <br> *Durham, NC  27703* | *Bankruptcy Case No. 10-80953* |
| *Debtor.* | |

| | |
|---|---|
| Jesse Charles Lay, <br><br> Plaintiff, <br> v. <br><br> Louis A. Trosch, Trustee; Mortgage Electronic Registration Systems, Inc., Beneficiary under that Deed of Trust Recorded at Book 5194, Page 499, Durham County Register of Deeds; And Citimortgage, Inc., Lender, <br><br> Defendants. | Adversary Proceeding No. 10-9094 |

## ANSWER

Defendants, Mortgage Electronic Registration Systems, Inc. ("MERS") and Citimortgage, Inc. ("Citimortgage") (hereinafter collectively, "Lender Defendants"), respond to the Complaint of the Plaintiff as follows:

1. Lender Defendants have insufficient information to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Complaint; accordingly, those allegations are denied.

2. It is admitted that this matter is a core proceeding. Lender Defendants also admit that the Court has jurisdiction. Lender Defendants have insufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 2 of the Complaint; accordingly, those allegations are denied.

3. Lender Defendants have insufficient information to form a belief as to the truth or falsity of the allegations of paragraph 3 of the Complaint; accordingly, those allegations are denied.

4. The allegations of paragraph 4 are admitted.

5. It is admitted that Defendant Citimortgage is a corporation. It is also admitted that Citimortgage is the named lender in the Note and Deed of Trust referenced herein. Any remaining allegations of paragraph 5 are denied.

6. It is admitted that Defendant MERS is a corporation. It is admitted that MERS is the beneficiary under the Deed of Trust referenced herein. Any remaining allegations of paragraph 6 are denied.

7. The allegations of paragraph 7 are admitted.

8. It is admitted that a quitclaim deed is attached to the Complaint that is recorded in Book 5143, Page 853 of the Durham County Public Registry is in writing and speaks for itself. Any remaining allegations of paragraph 8 are denied.

9. It is admitted that the Deed of Trust attached to the Complaint as Exhibit B and recorded in Book 5194, Page 499 of the Durham County Public Registry is in writing and speaks for itself. Any remaining allegations of paragraph 9 are denied.

10. The Deed of Trust is in writing and speaks for itself. Any remaining allegations of paragraph 10 are denied.

11. The Deed of Trust is in writing and speaks for itself. Any remaining allegations of paragraph 11 are denied.

12. The Deed of Trust is in writing and speaks for itself. It is affirmatively averred that the signature of Linda Williams-Lay appears on the Deed of Trust. Any remaining allegations of paragraph 12 are denied.

13. The notary acknowledgement is in writing and speaks for itself. Any remaining allegations of paragraph 13 are denied.

14. The Deed of Trust is in writing and speaks for itself. Any remaining allegations of paragraph 14 are denied.

## Claim for Relief

1. The allegations of paragraph 1 are statements of law to which no response is reuired. To the extent a response is required, the legal allegations of paragraph 1 are admitted.

2. The allegations of paragraph 2 are statements of law to which no response is required. To the extent a response is required, it is admitted that paragraph 2 accurately quotes *Webster's*.

3. Paragraph 3 is a statement of law to which no response is required. To the extent a response is required, it is admitted that the quoted words appear in *Beckhart v. Nationwide Trustee Services, Inc., Trustee*. It is, however, denied that the quote contained in paragraph 3 actually appears in the case.

4. The allegations of paragraph 4 are denied.

### **FIRST AFFIRMATIVE DEFENSE**

The Deed of Trust is fully and properly executed by the borrower and his spouse, is properly acknowledged, and in all manner meets the requirements of North Carolina law for being a valid encumbrance on the subject property.

### **SECOND AFFIRMATIVE DEFENSE**

Paragraph 13 of the Deed of Trust provides as follows:

> 13. **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

The spouse of Jesse Charles Lay clearly intended to, and did, "mortgage, grant and convey" her interest in the property under the terms of the Deed of Trust.

### THIRD AFFIRMATIVE DEFENSE

The Deed of Trust was properly drafted, executed, recorded and indexed, and put the Trustee or anyone standing in his shoes on notice that Lender Defendants held a first lien deed of trust on the Property.

### FOURTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM
(In the Alternative)

In the event it is determined that the Deed of Trust is defective in any manner such defect is the result of a mutual mistake and the Deed of Trust should be reformed to reflect the true intent of the parties that Lender Defendants have a valid first lien deed of trust on the Property and the reformation should relate back to the date the Deed of Trust was recorded.

WHEREFORE, Lender Defendants pray the Court as follows:

1)   That the case them be dismissed.

2)   That the Deed of Trust be affirmed as valid;

3)   In the alternative that the Deed of Trust be reformed so that it is a valid lien on the property and the reformation relate back to the date the Deed of Trust was recorded;

4)   That they have and recover their costs in this matter, including any reasonable attorneys' fees that may be allowed by law; and

5)   That the Court grant such other and further relief as it deems just and proper.

This the 28th day of December, 2010.

                                              HORACK TALLEY PHARR & LOWNDES, P.A.

                                              s/Robert B. McNeill
                                              Robert B. McNeill/State Bar No. 13038
                                              Zipporah Basile Edwards/State Bar No. 20838
                                              *Attorneys for Lender Defendants.*
                                              301 South College Street, Suite 2600
                                              Charlotte, NC   28202-6038
                                              Telephone:704/377-2500
                                              Facsimile:  704/372-2619

# CERTIFICATE OF SERVICE

      I, Robert B. McNeill, certify that the foregoing Answer was served upon counsel for Plaintiff by United States mail or electronically, addressed as follows:

      Edward C. Boltz, Esq.      (Electronically)
      Law Offices of John T. Orcutt, PC
      6616-203 Six Forks Road
      Raleigh, NC 27615
      *postlegal@JohnOrcutt.com*

Dated this 28th day of December, 2010.

      s/ Robert B. McNeill