UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
**Jesse Charles Lay**,

Soc. Sec. No. xxx-xx-2665
Mailing Address: 500 Guy Walker Way, Durham,
NC 27703-

Bankruptcy Case No.: 10-80953

Debtor.

**Jesse Charles Lay**,

Plaintiff,  A.P. No.:10-9094_____

vs.

**Louis A. Trosch, Trustee;**
**Mortgage Electronic Registration Systems, Inc.,**
**Beneficiary under that Deed of Trust recorded at**
**Book 5194, Page 499, Durham County Register**
**of Deeds; and**
**Citimortgage, Inc., Lender**

Defendants.

JOINT SCHEDULING MEMORANDUM

A. The Rule 26(f) meeting of the parties in this adversary proceeding was held on January 19, 2011

B. The following were in attendance:

(1) Koury L. Hicks, attorney for the Plaintiff

(2) Zipporah B. Edwards, attorney for Defendant    Citimortgage

C. The following matters and time limits were covered during the meeting:

(1) February 21, 2011, as the last day for filing motions to amend;

(2) April 8, 2011, as the last day for filing motions to join other parties;

(3) April 19, 2011, as the date within which fact discovery must be completed;

(4) Initial disclosure of experts who may be used at trial to present evidence and the written reports of experts described in Rule 26(a)(2)(B) shall be due as follows:

From the plaintiff(s) by May 19, 2011;

From the defendant(s) by May 19, 2011.

(5) Pursuant to Rule 26(a)(2)(C), disclosures regarding rebuttal expert witnesses and evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) shall be due within 10 days after the disclosure made by the other party. Depositions of initially disclosed experts and any rebuttal experts shall be completed by June 6.

(6) May 4, 2011, as the last day for mandatory pre-trial mediated settlement conference.

(7) June 8, 2011, as the last day for filing dispositive motions and supporting materials, including affidavits and supporting briefs.

(8) June 22, 2011, as the last day for filing and serving the final pre-trial disclosures required by Rule 26(a)(3).

(9) The final pre-trial disclosures shall include:

(a) a statement of the contested issues remaining for trial;

(b) identity of all witnesses who may be called at trial;

(c) a concise summary of the testimony which each witness is expected to present;

(d) a designation of witnesses whose testimony is expected to be presented by means of deposition;

(e) identifications of all exhibits which may be offered at trial, with a copy of each exhibit attached to the disclosure form which is filed with the court;

(f) a statement of all objections to exhibits, depositions and witnesses identified by the opposing party which shall be filed and served within 10 days after service of the pre-trial disclosures of the opposing party; and

(g) whether a separate final pre-trial conference is requested before this adversary proceeding is scheduled for trial.

D. Statement regarding core/non-core matters:

_X__ (a) All contested issues in this proceeding are core matters, on which the bankruptcy court may enter final judgment.

____ (b) All contested issues in this proceeding are non-core matters, and the parties hereby state that the bankruptcy court ____ has their consent ____ does not have their consent to enter final judgment.

____ (c) The contested issues in this proceeding include core and non-core matters as follows: The validity of the lien held by the Defendants pursuant to N.C.G.S. § 24-11(c) and whether the retention of such lien is an unfair act or practice. As to those matters that are non-core, the bankruptcy court has the parties's consent to enter final judgment.

____ (d) (Understanding that the distinction is of importance only if consent to bankruptcy court's entry of final judgment is not provided) the parties disagree as to the core or non-core nature of the matters within this action as follows: Not Applicable

E.  Requests for jury trial:

__X__ (a) Neither party seeks a jury trial.

____ (b) The Plaintiff demands a jury trial.

____ (c) The Defendant demands a jury trial.

____ (d) The parties agree regarding jury entitlement.

____ (e) If a right to jury trial exists, the parties consent to a jury trial in the bankruptcy court.

This 19th day of January 2011.

Signed: /s/Koury L. Hicks  
Koury L. Hicks  
Attorney for the Plaintiffs  
North Carolina State Bar No.: 36204

Signed: /s/ Zipporah B. Edwards  
Zipporah B. Edwards  
Attorney for the Defendant  
North Carolina State Bar No.: 20838