IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE

*Jesse Charles Lay*                                      *Bankruptcy Case No. 10-80953*
*SSN XXX-XX-2665*
*Mailing Address: 500 Guy Walker Way,*
*Durham, NC 27703*

                                         *Debtor.*

Jesse Charles Lay,

                         Plaintiff,
    v.

Louis A. Trosch, Trustee; Mortgage          Adversary Proceeding No. 10-9094
Electronic Registration Systems, Inc.,
Beneficiary under that Deed of Trust
Recorded at Book 5194, Page 499,
Durham County Register of Deeds;
And Citimortgage, Inc., Lender,

                         Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

      Defendants CitiMortgage,Inc. ("CitiMortgage") and Mortgage Electronic Registration Systems, Inc ("MERS") (collectively "Lender Defendants) set forth the following in support of their Motion for Judgment on the Pleadings:

### FACTS ESTABLISHED BY THE PLEADINGS

      On March 16, 2006 property located at 2508 Dakota Street, Durham, North Carolina (the "Property") was conveyed by Debtor (Jesse Lay) and Linda Williams-Lay to Linda Williams-Lay and husband, Jesse Lay, by Deed recorded in Book 5143 at Page 853 of the Durham County Public Registry. (Complaint, para. 8, Exhibit A) On April 13, 2006, Debtor made and executed a deed of trust to Louis A. Trosch, Trustee, in favor of MERS as nominee for CitiMortgage, for which the Property was the described collateral. (Complaint, para. 9, Exhibit B; the "Deed of Trust") Debtor's wife's name does not appear in printed/typed form on the Deed of Trust.

However, Debtor's wife Linda Williams Lay, also executed the Deed of Trust. (Complaint para 12-13, Exhibit B)

Subsequently, On May 28, 2010, Debtor commenced this Chapter 13 case. In his petition/schedules Debtor identified two parcels of real property on Schedule A. One parcel is identified as "House and Land, 2508 Dakota Street, Durham, North Carolina" with a value of $130,921.00 (the "Property"). The Debtor's schedules further reflect that the Property is encumbered by a Deed of Trust in favor of CitiMortgage securing $138,403.76.

On October 4, 2010 Debtor commenced this adversary proceeding seeking to avoid CitiMortgage's allegedly improperly perfected Deed of Trust. Debtor asserts "the Trustee has standing to pursue this matter pursuant to 11 U.S.C. § 544 (a)(3), and the plaintiffs [sic] have the authority to pursue it in his stead pursuant to 11 U.S.C. § 522 (h)". (Complaint, para. 3)

## ARGUMENT

**The Debtor does not have standing to assert the avoidance powers of the Trustee under 11 U.S.C. § 544**

**A. The plain language of the Bankruptcy Code establishes that only the Trustee has standing to assert the § 544 avoidance powers.**

Except to the limited extent provided by 11 U.S.C. § 522 (h) (relating narrowly to exempt property and as set forth below, a provision which is inapplicable to this case) there is no provision in the Bankruptcy Code which provides a Chapter 13 Debtor with avoidance powers under Chapter 5. Section 544 of the Bankruptcy Code specifically grants to the **Trustee** ("The *trustee* shall have…" 11 U.S.C. § 544(a) *emphasis added*) strong-arm powers to avoid certain property transfers avoidable by creditors under state law. Section 1303 of the Bankruptcy Code grants Chapter 13 debtors some powers otherwise reserved to trustees "…under sections 363(b), 3636(d), 363(e), 363(f) and 363 (l) of this title" 11 U.S.C. § 1303. In the course of delineating these specific sections there is no reference made to § 544 and there is no other section authorizing a Chapter 13 debtor to exercise a trustee's avoidance powers. Further, the absence of statutory authority for Chapter 13 debtors to exercise the trustee's avoidance powers is in direct contrast to the express statutory authorization for a Chapter 11 debtor, as debtor-in-possession, under 11 U.S.C. §1107 to exercise all avoidance powers available to trustees.

Thus, a plain reading of the Bankruptcy Code establishes that only the Trustee has standing to assert the avoidance powers provided in 11 U.S.C.§ 544.

**B. Based on the reasoning set forth in *Hartford Underwriters* and the conclusion reached by the majority of courts, this Court should refuse to allow a Chapter 13 Debtor to exercise a Trustee's avoidance powers.**

In *Hartford Underwriters Insurance Company v. Union Planters Bank*, 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed. 2d 1 (2000) an insurance company that had provided post petition coverage to a Chapter 11 debtor sought to surcharge the insurance premiums against a secured creditor's collateral under 11 U.S.C. § 506(c), but the Supreme Court ruled it could not because that provision provides only that the "trustee" may do so. In answering the question of whether or not someone other than the trustee could take this action the Supreme Court made several statements which are equally applicable to the issue of whether Debtor has standing to assert the trustee's Chapter 5 avoidance powers. The Supreme Court stated:

> In answering this question, we begin with the understanding that Congress 'says in a statute what it means and means in a statute what it says there.' [citation omitted] …when 'the statute's language is plain, the sole function of the courts' – at least where the disposition required by the text is not absurd – 'is to enforce it according to its terms. [citation omitted] Here, the statute appears quite plain in specifying who may use § 506 (c) – "the trustee". It is true, however, as petitioner notes, that all this actually "says" is that the trustee may seek recovery under the section, not that others may not. The question thus becomes whether it is a proper inference that the trustee is the only party empowered to invoke the provision. We have little difficulty answering yes….
>
> Several contextual features here support the conclusion that exclusivity is intended. First, a situation in which a statue authorizes specific action and designates a particular party empowered to take it is surely among the least appropriate in which to presume nonexlcusivity. "Where a statute…names the parties granted [the]right to invoke its provisions…such parties only may act." [citations omitted] Second, the fact that the sole party named – the trustee—has a unique role in bankruptcy proceedings makes it entirely plausible that Congress would provide a power to him and not to others. Indeed, had no particular parties been specified – had § 506(c) read simply "there may be recovered from property securing an allowed secured claim the reasonable, necessary costs and expenses, etc." – the trustee is the most obvious party who would have been thought empowered to use the provision. It is thus far more sensible to view the provision as answering the question "Who may use the provision?" with "only the trustee" than to view it as simply answering the question "May the trustee use the provision?" with "yes".

*Hartford Underwriters Ins. Co. v Union Planters Bank, N.A.*, 530 U.S. 1, 6, 147 L. Ed. 2d 1, 120 S. Ct. 1942 (2000)

The reasoning of the Supreme Court is clearly applicable to any reading of 11 U.S.C. § 544, which, like § 506, specifically identifies the trustee as the party to whom the avoidance powers are being provided. Numerous courts have applied the reasoning in *Hartford* to reach the conclusion that a Chapter 13 debtor does not have standing to assert a trustee's Chapter 5 avoidance powers.

The United State Bankruptcy Court for the Southern District of Florida articulated the analysis and basis for this conclusion extremely well in the 2004 opinion rendered in *In re Richardson*, 311 B.R. 302 (2004). The court stated:

> The majority of courts addressing this issue have refused to allow Chapter 13 debtors to exercise the strong-arm powers granted to the trustee under § 544, including decisions by at least two circuit courts of appeal. [*citations omitted*]…
>
> These courts acknowledge the realities of Chapter 13 bankruptcies and the trustees' limited role, but focus their analysis on the lack of explicit statutory foundation for the debtor to seek avoidance. One court explained it this way:
>
> "As compelling, practical and intensely equitable as these arguments [of the realities of Chapter 13 bankruptcies] might be, they are at bottom well-meaning forays into judicial legislation. They exceed the scope of a bankruptcy judge's role which is to interpret and apply the statue, not to rewrite it…By the statute's own terms, only the trustee has standing to exercise the strong-arm avoidance powers… Legislative history, especially floor comments, may augment but may not amend the statute's straightforward language. Section 1303 simply does not confer standing on the debtor to pursue avoidance actions… If Congress intended to grant avoidance powers to a Chapter 13 debtor, it could have explicitly done so." [*citation omitted*]…
>
> The Supreme Court's decision in *Hartford Underwriters Insurance Company v Union Planters Bank, N.A.* [citation omitted] strongly supports limiting standing under § 544 to trustees and debtors in possession. In that case, the issue was whether an administrative claimant could seek to surcharge a secured creditor's collateral under *§ 506(c)*. ... The Court found the statutory language "quite plain in specifying who may use *§ 506(c)* – "the trustee." ...
>
> Although the instant case deals with *§ 544*, not *506(c)*, the Supreme Court's reasoning and analysis strongly support the conclusion reached by the majority of courts that Chapter 13 debtors may not exercise the trustee's avoidance powers in *§ 544(b)*, a conclusion shared and adopted by this Court.

In sum, based upon (1) the clear language in *§ 544*, granting authority only to the trustee; (2) the absence of any statute granting that authority to debtors; (3) the majority of cases on point concluding that Chapter 13 debtors lack standing under *§ 544*; and (4) the guidance of the Supreme Court in *Hartford Underwriters*, this Court concludes that Chapter 13 debtors lack standing to utilize the avoidance and recovery powers of a trustee under *section 544(b)*.

*In re Richardson*, 311 B.R. at 304.

The Middle District of North Carolina, in considering whether a debtor had standing to exercise the trustee's 11 U.S.C. § 548 avoidance powers, reached the same conclusion in *Hollar v United States of America*, 174 B.R. 198 (M.D.N.C. 1994). The Court held: [t]here is no statutory authority in Chapter 13 which grants a Chapter 13 debtor independent standing to sue under the trustee's section 548 avoidance powers." *Hollar*, 174 B.R. at 203. More recently, the United States Bankruptcy Court for the Eastern District of North Carolina, also concluded that a debtor can not exercise a trustee's 11U.S.C. § 544 avoidance powers. *Robinson v World Omni Financial Corp.*, 2011 Bankr. LEXIS 437 (2011). The Court concluded:

> The rights and powers of a chapter 13 debtor are set out in § 1303 of the Code as follows:
>
> > Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(1) of this title.
>
> The language of this provision clearly indicates that chapter 13 debtors were not granted the trustee's avoidance powers found in chapter 5 of the Code. …Additional support for this position is found when the limitations on the power of the chapter 13 debtor to bring avoidance actions under § 1303 is compared to §§ 1107 and 1203 of the Code, which explicitly grant debtors under chapter 11 and chapter 12 the rights of a trustee to pursue avoidance actions. This court agrees with other courts which have found that "Congress could have given Chapter 13 debtors the same broad sweep of powers given in Chapter 11 but chose not to do so." [citation omitted] *Robinson*, 2011 Bankr. LEXIS 437, 5.

### C. 11 U.S.C. § 522 (h) is not applicable to this case.

Debtor asserts in his complaint that the trustee has authority to seek to avoid CitiMortgage's Deed of Trust pursuant to 11 U.S.C. § 544 and that debtor, in turn, has authority to pursue this claim in the trustee's stead pursuant to 11 U.S.C. § 522 (h). (Complaint, para. 3)

§ 522 (h) provides for limited circumstance under which a debtor can use section 544 to avoid involuntary transfers of exempt property. Debtor, however, does not meet the elements of 11 U.S.C. § 522 (h).

11 U.S.C. § 522 (h) provides:

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if –
>
> (1) such transfer is avoidable by the trustee under section 544…and
>
> (2) the trustee does not attempt to avoid such transfer.

The property/transfers to which this section 522 (h) standing applies is limited by the requirements of 11 U.S.C. § 522 (g)(1) which provides:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 542, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if –
>
> (1)(A) **such transfer was not a voluntary transfer of such property by the debtor**; and
>
> (B) the debtor did not conceal such property;…(emphasis added)

HTPL: 457227
- 6 -
Case 10-09094    Doc 23    Filed 04/21/11    Page 6 of 8

The result is that a debtor may, through §522(h), use §544 to avoid certain transfers of property that the debtor could have exempted under § 522(b) …"if that property was a part of the bankruptcy estate, the transfer was involuntary and the property was not concealed by the debtor." *Hollar*, 174 B.R. at 204. Thus, as a threshold matter, the transfer a debtor seeks to avoid under this section must not have been voluntary. In the instant case, the transfer the Debtor wishes to avoid is the granting of the Deed of Trust for the benefit of CitiMortgage – a voluntary transfer. As such, §522 (h) does not afford Debtor any authority to use the trustee's Chapter 5 avoidance powers to avoid the Deed of Trust.

## **CONCLUSION**

For the reasons set forth above, the Debtor, Jesse Lay, does not have standing to assert the Trustee's 11 U.S.C. §544 avoidance powers and as such, Lender Defendants respectfully request that this Court enter Judgment on the Pleadings in their favor, dismissing the claims asserted by Debtor in this adversary proceeding.

This the 21st day of April, 2011.

        HORACK, TALLEY, PHARR & LOWNDES, P.A.

        By:    s/ Zipporah Basile Edwards
            Zipporah Basile Edwards/State Bar No. 20838
            *Attorneys for Lender Defendants.*
            301 South College Street, Suite 2600
            Charlotte, NC  28202-6038
            Telephone:    704/377-2500
            Facsimile:    704/372-2619

## CERTIFICATE OF SERVICE

  I Zipporah B. Edwards, do hereby certify that service of the foregoing Memorandum of Law was this date had upon the following by electronic mail and/or depositing a copy of the same in the United States Mail, postage prepaid, addressed as follows:

        **Koury L. Hicks, Esquire**
        The Law Offices of John T. Orcutt P.C.
        1738-D Hillandale Rd
        Durham, NC 27705
        (919) 2861695
        Email: khicks@johnorcutt.com
        *Attorney for Plaintiff*

         /s/ Zipporah Basile Edwards
        Zipporah Basile Edwards
        State Bar No. 20838
        301 S. College Street, Suite 2600
        Charlotte, North Carolina 28202-6038
        Email: zedwards@horacktalley.com
        Telephone: (704) 377-2500

HTPL: 457227